1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN  (State Bar No. 189268)
2  GENEVIEVE K. GUERTIN (State Bar No. 262479)
   T. KENNEDY HELM (State Bar No. 282319)
3  HADDAD & SHERWIN
4  505 Seventeenth Street
   Oakland, California  94612
5  Telephone: (510) 452-5500
   Facsimile:   (510) 452-5510
6
7  Attorneys for Plaintiffs Bobby Johnson,
   Sharon Johnson, Tanya Johnson,
8  and Angela Johnson

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12 BOBBY DARRELL JOHNSON; SHARON KAY        )   No:
   JOHNSON; TANYA SUEANN JOHNSON; and       )
13 ANGELA JOHNSON, a minor, through her     )   Hon.
   mother and Next Friend, TANYA JOHNSON;   )
14 individually,                            )
                                            )   **COMPLAINT FOR DAMAGES,**
15                                          )   **DECLARATORY, AND**
             Plaintiffs,                    )   **INJUNCTIVE RELIEF, AND**
16 vs.                                      )   **DEMAND FOR JURY TRIAL**
                                            )
17 SHASTA COUNTY, a public entity; SHASTA   )
18 COUNTY SHERIFF DEPUTIES CARY             )
   ERICKSON, TOM FLEMMING, RAY HUGHES,      )
19 DAVID RENFER, and KYLE WALLACE;          )
   SHASTA COUNTY SHERIFF SERGEANT ERIC      )
20 MAGRINI, and SHASTA COUNTY SHERIFF       )
   DETECTIVES GENE RANDAL,  NICK            )
21 THOMPSON, and CRAIG TIPPINGS; SHASTA     )
22 COUNTY VOLUNTEER DR. JESSE WELLS,        )
   M.D.; SUTTER COUNTY, a public entity;    )
23 SUTTER COUNTY SHERIFF DETECTIVE          )
   MATTHEW MAPLES, SUTTER COUNTY            )
24 SHERIFF LIEUTENANT JAMES CASNER, and     )
   SUTTER COUNTY SHERIFF OFFICER            )
25 MICHAEL T. GWINNUP, and DOES 1–10,       )
26 Jointly and Severally,                   )
                                            )
27          Defendants.                     )
                                            )
28 ─────────────────────────────────────── )

COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN, for their Complaint against Defendants, state as follows:

### JURISDICTION

1.     This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiffs BOBBY JOHNSON, SHARON JOHNSON, TANYA JOHNSON and ANGELA JOHNSON (the "JOHNSONS"), on or about August 13, 2013, in the City of Redding, Shasta County, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

### INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein occurred in the City of Redding, Shasta County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California, pursuant to Local Rule 120(d).

### PARTIES AND PROCEDURE

3.     Plaintiff BOBBY JOHNSON is a resident of the State of California.

4.     Plaintiff SHARON JOHNSON is a resident of the State of California.

5.     Plaintiff TANYA JOHNSON is a resident of the State of California.

6.       Plaintiff ANGELA JOHNSON, a minor, is a resident of the State of California and is represented in this action, pursuant to Federal Rule of Civil Procedure 17(c), by her mother and Next Friend, TANYA JOHNSON.

7.       Defendant SHASTA COUNTY is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the SHASTA COUNTY SHERIFF'S OFFICE which employs other defendants in this action.

8.       Defendant DEPUTY CARY ERICKSON ("ERICKSON"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope that employment.  Defendant ERICKSON is being sued in his individual capacity.

9.       Defendant DEPUTY TOM FLEMMING ("FLEMMING"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope that employment.  Defendant FLEMMING is being sued in his individual capacity.

10.       Defendant DEPUTY RAY HUGHES ("HUGHES"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant HUGHES is being sued in his individual capacity.

11.       Defendant SERGEANT ERIC MAGRINI ("MAGRINI"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant MAGRINI is being sued in his individual capacity.

12.     Defendant DETECTIVE GENE RANDAL ("RANDAL"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant RANDAL is being sued in his individual capacity.

13.     Defendant DEPUTY DAVID RENFER ("RENFER"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant RENFER is being sued in his individual capacity.

14.     Defendant DETECTIVE NICK THOMPSON ("THOMPSON"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant THOMPSON is being sued in his individual capacity.

15.     Defendant DETECTIVE CRAIG TIPPINGS ("TIPPINGS"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant TIPPINGS is being sued in his individual capacity.

16.     Defendant DEPUTY KYLE WALLACE ("WALLACE"), at all material times was employed as a law enforcement officer by the SHASTA COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant WALLACE is being sued in his individual capacity.

17.     Defendant JESSE WELLS, M.D., ("WELLS"), on information and belief, was at all material times employed as a volunteer law enforcement officer and provider of in-field medical services for the SHASTA COUNTY SHERIFF'S OFFICE, and was acting

within the course and scope of that employment.  Defendant WELLS is being sued in his individual capacity.

18.     Defendant SUTTER COUNTY is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the SUTTER COUNTY SHERIFF'S OFFICE which employs other defendants in this action.

19.     Defendant DETECTIVE MATTHEW MAPLES ("MAPLES"), at all material times was employed as a law enforcement officer by the SUTTER COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant MAPLES is being sued in his individual capacity.

20.     Defendant LIEUTENANT JAMES CASNER ("CASNER"), at all material times was employed as a law enforcement officer by the SUTTER COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant CASNER is being sued in his individual capacity.

21.     Defendant MICHAEL T. GWINNUP ("GWINNUP"), upon information and belief, at all material times was employed as a law enforcement officer by the SUTTER COUNTY SHERIFF'S OFFICE, and was acting within the course and scope of that employment.  Defendant GWINNUP is being sued in his individual capacity.

22.     The true names and capacities of Defendants sued herein as DOES 1–10 ("DOE DEFENDANTS") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE DEFENDANT was an employee/agent of either SHASTA COUNTY or SUTTER COUNTY and at all material times acted within the course and scope of that relationship.  Plaintiffs are informed and

believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

23.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

24.     At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful seizure of and use of excessive force against the Plaintiffs, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

25.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and also of SHASTA COUNTY and/or SUTTER COUNTY.

26.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Defendants SHASTA COUNTY and/or SUTTER COUNTY.

27.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## **GENERAL ALLEGATIONS**

28.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

29.     On or about August 13, 2013, at about 7:00 a.m., at 13942 Sundust Road, Redding, California, 96003, Street, all Defendants and possibly other officers from the SHASTA COUNTY SHERIFF'S OFFICE and the SUTTER COUNTY SHERIFF'S OFFICE, wrongfully raided, entered, and searched the home of the JOHNSONS.  At that time and place, Defendants wrongfully arrested and detained, assaulted and battered, and/or used excessive and unjustified force against BOBBY JOHNSON, SHARON JOHNSON, TANYA JOHNSON, and ANGELA JOHNSON causing severe injuries.  The officers did this despite knowing that none of the JOHNSONS were suspected of any crime, and despite not having arrest warrants for any of the JOHNSONS.  At all material times during the planning and execution of this raid, entry, and search of Plaintiffs' home, Defendants Sgt. MAGRINI and Dep. HUGHES were team leaders for this operation.

30.     Defendant GWINNUP and possibly other law enforcement officers from the SUTTER COUNTY SHERIFF'S OFFICE wrongfully procured a warrant to search the JOHNSON residence.  On information and belief, the search warrant was unlawful and lacked probable cause on its face, and on information and belief it was based on the deliberate and/or reckless false statements and/or misleading omissions made by Defendant GWINNUP, the affiant, to the judicial officer, Hon. Brian R. Aronson, Judge of the Superior Court, County of Sutter, who issued the warrant.

31.     At the time of the operation on or about August 13, 2013, Defendants arrived at the JOHNSON residence in a convoy comprised of military combat-style tactical transports and other vehicles.  Defendants wore masks, battle-dress uniforms, and carried assault rifles and other long guns.

32.     Defendants ordered the JOHNSONS to come out of their home.  Plaintiff BOBBY JOHNSON was the first to exit the house.  Though Plaintiff BOBBY JOHNSON was totally compliant, unarmed, had committed no crime, and posed no immediate threat to anyone, the Defendants held him at gunpoint and threatened to shoot him.  When the Defendants stated that they were going to handcuff Plaintiff BOBBY JOHNSON, he told them that he could not move his arm behind his back because of a very recent breast-cancer surgery that left a large, unhealed incision scar on his chest.  Plaintiff BOBBY JOHNSON was shirtless, and his recent surgical scars were visible to Defendants. Nevertheless, Defendants subjected BOBBY JOHNSON to a high level of force when they repeatedly and forcefully wrenched Plaintiff BOBBY JOHNSON's arm behind his back to handcuff him despite his known disability—causing severe and painful injuries. Defendants then forced BOBBY JOHNSON to sit handcuffed on the ground for a significant period of time.

33.     Plaintiff TANYA JOHNSON and her thirteen-year-old daughter, Minor Plaintiff ANGELA JOHNSON, came out of the house after Plaintiff BOBBY JOHNSON.  Plaintiffs TANYA and ANGELA JOHNSON were totally compliant, and Defendants knew that Minor Plaintiff ANGELA JOHNSON was obviously a child.  Despite Plaintiffs TANYA JOHNSON and ANGELA JOHNSON posing no threat to anyone and despite their obeying all Defendants' orders, Defendants nevertheless held them at gunpoint.

34.     Plaintiff TANYA JOHNSON told Defendants that she had recently undergone shoulder surgery and pointed out her surgical scars and deformity to Defendants.  Nevertheless, Defendants forcefully wrenched Plaintiff TANYA JOHNSON's arm behind her back, causing severe and painful injuries, to handcuff her.  Once handcuffed, Defendants forced Plaintiff TANYA JOHNSON to sit handcuffed on the ground for a significant period of time; later, Defendants forcefully yanked Plaintiff TANYA JOHNSON to her feet by her handcuffs, causing further severe and painful injuries.

35.     Plaintiffs BOBBY JOHNSON and TANYA JOHNSON told Defendants that Plaintiff SHARON JOHNSON (Bobby's wife and Tanya's mother) was very ill, confined to a hospital bed, and physically unable to come outside of the house.   Plaintiff SHARON JOHNSON was unarmed and posed no threat to anyone.  Defendants pointed guns at SHARON JOHNSON, forced her to get out of her hospital bed, and ordered her to let go of her walker and put up her hands, despite her obvious physical illness and disability.

36.     Defendants raided Plaintiffs JOHNSONS' residence and other buildings on their property; damaged Plaintiffs JOHNSONS' personal property; and unlawfully seized Plaintiff BOBBY JOHNSON's Bobcat machine and firearms, among other property. Defendants also interrogated Plaintiffs, and throughout this incident, used profanity and other unprofessional language expressing Defendants' animosity toward Plaintiffs, and threatened to kill TANYA JOHNSON's dog.  Defendants forced Plaintiffs BOBBY JOHNSON and TANYA JOHNSON to remain in handcuffs for about thirty minutes or more. Defendants remained at Plaintiffs' home and held Plaintiffs in custody for about four hours.

37.     Defendants subjected Plaintiffs to excessive and unnecessary force, including but not limited to the drawing and exhibiting of their firearms, subjecting Plaintiffs to multiple gun points, handcuffing, and repeatedly shouting at Plaintiffs, who had

committed no crime, were unarmed, and did not pose any threat to Defendants or others at any time.  No force was justified under the circumstances, and no criminal charges were ever filed against any Plaintiff.  Plaintiffs have required medical care as a result of Defendants' misconduct.

38.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

39.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

a.     Wrongful seizure at gunpoint;

b.     Plaintiff Bobby Johnson's physical injuries, including a traumatic hematoma on his right chest wall;

c.     Plaintiff Tanya Johnson's physical injuries, including a subluxed left shoulder;

d.     Hospital and medical expenses;

e.     Pain and suffering, including emotional distress;

f.     Violation of constitutional rights;

g.     All damages, penalties, costs, and attorneys' fees recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

40.     Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

COMPLAINT AND JURY DEMAND

1

2

3

4

**COUNT ONE**
**-- 42 USC §1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS ERICKSON, FLEMMING, HUGHES,**
**MAGRINI, RANDAL, RENFER, THOMPSON, TIPPINGS, WALLACE, and WELLS;**
**MAPLES, CASNER, and GWINNUP**

5        41.      Plaintiffs reallege each and every paragraph in this complaint as if fully set

6    forth here.

7        42.      By the actions and omissions described above, Defendants violated 42 USC

8    §1983, depriving Plaintiffs of the following clearly established and well-settled

9
10   constitutional rights protected by the Fourth and Fourteenth Amendments to U.S.

11   Constitution:

12            a.  The right to be free from unreasonable searches and seizures as secured
                  by the Fourth and Fourteenth Amendments;

13
14            b.  The right to be free from excessive and unreasonable force in the course
                  of arrest or detention as secured by the Fourth and Fourteenth
15                Amendments.

16
17       43.      Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs

18   of rights described herein, knowingly, maliciously, and with conscious and reckless

19   disregard for whether the rights and safety of Plaintiffs would be violated by their acts

20   and/or omissions.

21       44.      As a direct and proximate result of Defendants' acts and/or omissions as set

22   forth above, Plaintiffs sustained injuries and damages as set forth at ¶ 39, above.

23       45.      The conduct of Defendants entitles Plaintiffs to punitive damages and

24   penalties allowable under 42 USC §1983.

25       46.      Plaintiffs are also entitled to reasonable costs and attorney fees under 42

26   USC §1988 and applicable California codes and laws.

27

28

**COUNT TWO**
**- 42 USC §1983 (*Monell*)–**
**ALL PLAINTIFFS AGAINST DEFENDANT COUNTIES OF SHASTA AND SUTTER**

47.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

48.     On information and belief, the unconstitutional actions and/or omissions of Defendants were pursuant to the following customs, policies, practices, and/or procedures of the SHASTA COUNTY and SUTTER COUNTY, which were directed, encouraged, allowed, and/or ratified by policy making officers for the SHASTA COUNTY, SUTTER COUNTY,  the SHASTA COUNTY SHERIFF'S OFFICE and the SUTTER COUNTY SHERIFF'S OFFICE:

a.   To use or tolerate the use of excessive and/or unjustified force, including pointing guns during the execution of search warrants and other at other times without justification;

b.   To unlawfully arrest individuals without probable cause or justification during the execution of search warrants;

c.   To fail to use appropriate and generally accepted law enforcement procedures in handling injured and disabled persons;

d.   To cover-up violations of constitutional rights by any or all of the following:

i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.   by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

e.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

f.   To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning (a) through (e) above in this paragraph, when the need for such training, supervision, policies, and procedures is obvious; and

g.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

49.   Defendants SHASTA COUNTY and SUTTER COUNTY failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

50.   The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated and/or ratified by policy-making officers for the SHASTA COUNTY SHERIFF'S OFFICE and the SUTTER COUNTY SHERIFF'S OFFICE.  Plaintiffs are informed and believe, and thereupon allege, that the details of this incident have been revealed to the authorized policy makers within both SHASTA COUNTY and SUTTER COUNTY, and Plaintiffs are further informed and believe, and thereupon allege, that such policy makers have direct knowledge of the fact of this incident.  Notwithstanding this knowledge, the authorized policy makers within both SHASTA COUNTY and SUTTER COUNTY have approved of the conduct of Defendants, and have made a deliberate choice to endorse the decisions of those Defendants and the basis for those decisions.  By doing so, the authorized policy makers within SHASTA COUNTY and SUTTER COUNTY have shown affirmative agreement with each individual Defendant officer's actions, and have ratified the unconstitutional acts of the individual Defendant officers.

51.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants SHASTA COUNTY and SUTTER COUNTY, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in ¶ 42, above.

52.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

53.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants as described above, Plaintiffs sustained serious injuries and are entitled to damages, penalties, costs and attorney fees as set forth in ¶¶ 43–46, above, and punitive damages against DEFENDANT SHASTA COUNTY DOES 1–10 and DEFENDANT SUTTER COUNTY DOES 1–10 in their individual capacities.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

54.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

55.     By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil

Code §52.1, and the following clearly-established rights under the United States

Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    d. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    e. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

56.    Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

    a. Unlawfully searching and seizing Plaintiffs and their residence;

    b. Pointing guns at each Plaintiff in the absence of any threat or justification whatsoever;

    c. Threatening to kill Plaintiffs' family dog (chihuahua);

    d. Conduct specifically defined as coercive in Civ. Code § 52.1(j), *i.e.*, speech that "threatens violence against a specific person … and the person … against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat," *to wit*: threatening to shoot Plaintiffs and family members while pointing guns at them, and causing Plaintiffs to fear for their lives and the lives of their family members;

    e. arresting Plaintiffs without probable cause, including forcefully handcuffing Plaintiffs causing injuries and forcing Sharon Johnson from her hospital bed;

COMPLAINT AND JURY DEMAND    14

f.  continuing Plaintiffs' arrest and custody after any probable cause that Defendants may have erroneously believed existed to justify Plaintiffs' arrest had eroded, such that the officers' conduct became intentionally coercive and wrongful;

g.  violating Plaintiff's rights to be free from unlawful seizures under Cal. Const. Art. 1, Sec. 13, by both wrongful arrest and excessive force (*see, Bender v. County of Los Angeles*, 217 Cal.App.4th 968 (2013).

57.  As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 43–46, and punitive damages against Defendant law enforcement officers in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to three times actual damages, costs, attorneys fees, and civil penalties.

## COUNT FOUR
## -- NEGLIGENCE; PERSONAL INJURIES --
## ALL PLAINTIFFS AGAINST ALL DEFENDANTS

58.  Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

59.  At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

60.  At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

61.  These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

a.  to refrain from using excessive and/or unreasonable force against Plaintiffs;

      b.     to refrain from causing Plaintiffs to be wrongfully arrested and/or detained;

      c.     to use generally accepted police procedures and tactics for handling injured and disabled persons during the execution of a search warrant;

      d.     to refrain from abusing their authority granted them by law;

      e.     to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

      f.     to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

62.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

      a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

      b.     to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

      c.     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 34, above.

63.     The duties and liability of Defendants Shasta County and Sutter County are based on vicarious liability under Cal. Gov. Code § 815.2 for the acts and omissions their employees and agents including Defendant officers.

64.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

65.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 43–46 and punitive damages against all individual Defendant law enforcement officers under California law.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

66.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

67.     The conduct of Defendants as described herein constitutes assault and battery.

68.     The actions and omissions, customs, and policies of Defendants, as described above, were intentional and reckless, harmful, threatening, and/or offensive, and a proximate cause of Plaintiffs' damages.

69.     As a direct and proximate result of Defendants' assault and battery, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶¶ 43–46, and punitive damages against all individual Defendant law enforcement officers under California law.

**COUNT SIX**
**—FALSE ARREST OR IMPRISONMENT—**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

70.     Plaintiffs realleges each and every paragraph in this complaint as if fully set forth here.

71.      At no time during the events described above, or at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiffs, nor did Defendants have any facts or information that constituted probable cause that Plaintiffs had committed or were about to commit a crime.

72.     Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiffs, putting restraint on Plaintiffs' freedom of movement,

and compelled Plaintiffs to remain and/or move against their will.  Defendants authorized, directed, and assisted in procuring, without process, Plaintiffs' unlawful arrest.

73.     Alternatively, Defendants, as described herein, unlawfully seized and detained each Plaintiff without reasonable suspicion or other legal justification.

74.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages and are entitled to relief as set forth at paragraphs 43–46 above, and punitive damages against all individual Defendant law enforcement officers under California law.

**COUNT SEVEN
– VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (TITLE II)
AND REHABILITATION ACT (RA)
PLAINTIFFS BOBBY JOHNSON, SHARON JOHNSON, AND TANYA JOHNSON
AGAINST DEFENDANTS SHASTA COUNTY AND SUTTER COUNTY**

75.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

76.     Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

77.     The ADA, 42 United States Code § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals."

78.     Plaintiffs BOBBY JOHNSON, SHARON JOHNSON and TANYA JOHNSON were each a "qualified individual" with a disability and medical impairments that limited and/or substantially limited his/her ability to care for himself or herself and control his/her mental, medical or physical health condition as defined under the ADA, 42 United States Code section 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973.  29 U.S.C. § 794, 28 C.F.R. 42.540(k).

79.     Defendants SHASTA COUNTY and SUTTER COUNTY are public entities whose services, programs, and/or activities are covered under and governed by the ADA and RA, and regulations promulgated under each of these laws.

80.     Defendants are within the mandate of the RA that no person with a disability may be "be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity."  29 U.S.C. § 794.

81.     Further, Plaintiffs are informed and believe and thereon allege that Defendants SHASTA COUNTY and SUTTER COUNTY receive federal financial assistance.

82.     Under the ADA, Defendants SHASTA COUNTY and SUTTER COUNTY are mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under their aegis are protected.

83.     Also under the ADA, Defendants SHASTA COUNTY and SUTTER COUNTY are mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  The ADA

applies generally to law enforcement "services, programs, or activities."  42 U.S.C. §

12132.  The ADA applies to seizures of persons.

84.    At all material times and as described herein, Plaintiffs BOBBY JOHNSON,

SHARON JOHNSON and TANYA JOHNSON were each: (1) an individual with a disability;

(2) otherwise qualified to participate in or receive the benefit of a public entity's services,

programs or activities, including Defendants SHASTA COUNTY and SUTTER COUNTY's

law enforcement services, programs, or activities; (3) either excluded from participation in

or denied the benefits of Defendants SHASTA COUNTY and SUTTER COUNTY's

services, programs or activities or was otherwise discriminated against by Defendants

SHASTA COUNTY and SUTTER COUNTY; and (4) such exclusion, denial of benefits or

discrimination was by reason of his/her disability.

73.    As described herein, Defendants SHASTA COUNTY and SUTTER COUNTY

failed to reasonably accommodate Plaintiffs BOBBY JOHNSON, SHARON JOHNSON and

TANYA JOHNSON's disabilities, including BOBBY JOHNSON'S breast cancer and post

surgical sequalae with significant limitations in the ability to move his arms and upper

torso, SHARON JOHNSON'S late stage breast cancer, with significant limitations in the

ability to move, walk, or stand without assistance, and TANYA JOHNSON'S anterior

glenohumeral instability of her left shoulder and post-surgical sequalae with significant

limitations in the ability to move her arms and upper torso, and in the course of contacting

and seizing these disabled Plaintiffs, Defendants SHASTA COUNTY and SUTTER

COUNTY caused each of them to suffer greater injury in the process than other arrestees.

74.    As a direct and proximate result of Defendant SHASTA COUNTY and

SUTTER COUNTY's violations of the ADA and RA, Plaintiffs BOBBY JOHNSON,

SHARON JOHNSON and TANYA JOHNSON sustained substantial injuries and are

COMPLAINT AND JURY DEMAND                                                                          20

entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 44-46, above.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.  compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b.  punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

c.  all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988 and 12205 and Title II of the ADA, 29 U.S.C. §§ 794 and 794a, Cal. Code of Civ. Proc. §1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

d.  Injunctive relief, including but not limited to the following:

i.  an order prohibiting Defendants and their law enforcement officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

ii.  an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for detaining, arresting, and handcuffing individuals, particularly persons with injuries and disabilities;

iii.  and order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for when deputies are allowed to point guns at people;

iv.  an order prohibiting Defendants and their law enforcement officers from engaging in the "code of silence" as may be supported by the evidence in this case;

v.  an order requiring Defendants to train their law enforcement officers concerning generally accepted

1    and proper tactics and procedures concerning the
     issues raised in injunctive relief requests i–iv, above;

2

3       vi.    an order requiring Defendants to return all of
               Plaintiffs' seized personal property to Plaintiffs.

4

5    e.    such other and further relief as this Court may deem appropriate.

6

7

8    DATED: June 2, 2014                    HADDAD & SHERWIN

9

10                                          /s/ Michael J. Haddad
                                            Michael J. Haddad
11                                          Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND                                            22

1

## <u>JURY DEMAND</u>

2

      Plaintiffs hereby request a trial by jury.

3

4

DATED: June 2, 2014               HADDAD & SHERWIN

5

6

7

                     /s/_Michael J. Haddad_____
                     Michael J. Haddad

8

                     Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28