MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Facsimile:   (510) 452-5510

Attorneys for Plaintiffs Bobby Johnson,
Sharon Johnson, Tanya Johnson,
and Angela Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DARRELL JOHNSON; SHARON KAY JOHNSON; TANYA SUEANN JOHNSON; and ANGELA JOHNSON, a minor, through her mother and Next Friend, TANYA JOHNSON; individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SHASTA COUNTY, a public entity; SHASTA COUNTY SHERIFF DEPUTIES CARY ERICKSON, TOM FLEMMING, RAY HUGHES, DAVID RENFER, and KYLE WALLACE; SHASTA COUNTY SHERIFF SERGEANT ERIC MAGRINI, and SHASTA COUNTY SHERIFF DETECTIVES GENE RANDAL,  NICK THOMPSON, and CRAIG TIPPINGS; SHASTA COUNTY VOLUNTEER DR. JESSE WELLS, M.D.; SUTTER COUNTY, a public entity; SUTTER COUNTY SHERIFF DETECTIVE MATTHEW MAPLES, SUTTER COUNTY SHERIFF LIEUTENANT JAMES CASNER, and SUTTER COUNTY SHERIFF OFFICER MICHAEL T. GWINNUP, and DOES 1–10, Jointly and Severally,<br><br>Defendants. | No: 2:14-CV-01338-KJM-EFB<br><br>Hon. Kimberly J. Mueller<br><br>**STIPULATED (DRAFT) PROTECTIVE ORDER RE: THE CONTENTS OF THE ENVELOPE CONTAINING ATTACHMENT A TO SEARCH WARRANT NO. S13-149** |

No. 2:14-CV-01338-KJM-EFB: STIP. PROTEC. ORDER RE: ATTACHMENT A TO S.W. S13-149

The parties, by and through their respective attorneys of record, hereby stipulate to the following protective order being issued in this matter:

1. PURPOSES AND LIMITATIONS

Plaintiffs seek disclosure of the sealed portions of search warrant No. S13-149, ordered sealed by Judge Aronson of the Sutter County Superior Court, and entitled "Attachment A," which contain confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order regarding the Contents of the Envelope Containing Attachment A to Search Warrant No. S13-149.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 "Confidential-Attorneys' Eyes Only." The designation "CONFIDENTIAL– ATTORNEYS' EYES ONLY" is limited to Attachment "A" and related document of the sealed portion of search warrant No. S13-149 issued by the Sutter County Superior Court.

2.4 Protected Material: any document designated as CONFIDENTIAL– ATTORNEYS' EYES ONLY" or any information contained therein.

2.5 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.7     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend or watermark "CONFIDENTIAL–ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

5.1.1     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL–ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection,

and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL–ATTORNEYS' EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

6.  ACCESS TO AND USE OF PROTECTED MATERIAL

6.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 9, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2  Disclosure of Protected Materials "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL–ATTORNEYS' EYES ONLY only to:

(a)  the counsel of record for the Parties in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

No. 2:14-CV-01338-KJM-EFB: STIP. PROTEC. ORDER RE: ATTACHMENT A TO S.W. S13-149                4

      (b)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)    the Court and its personnel;

      (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (e)    during their depositions, witnesses, except for Plaintiffs.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

6.3    Disclosure of documents "CONFIDENTIAL–ATTORNEYS' EYES ONLY," or any information contained therein, may not be disclosed to any Plaintiff in this action, nor to any relatives of Plaintiffs, including to Mark Johnson or Jerry Johnson.

7.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If by inadvertence or otherwise, Protected Material is disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify the court of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to be bound by the Stipulated Protective Order.

8.    <u>FILING PROTECTED MATERIAL</u>

Consistent with Judge Mueller's Status (Pretrial Scheduling) Order (Doc. 32), "if a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court." (Doc. 32, p. 5).  Furthermore, and consistent with Judge Mueller's Status (Pretrial

Scheduling) Order, "[t]he court will only consider requests to seal or redact filed by the proponent of sealing or redaction."  (Doc. 32, p. 5).  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  (Doc. 32, p. 5).

9.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the court by the sixty day deadline that all the Protected Material was returned and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

10.    MISCELLANEOUS

10.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

1  Party waives any right to object on any ground to use in evidence any of the material covered by
2  this Protective Order.
3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4
5  Dated: July 27, 2015                         **HADDAD & SHERWIN LLP**
6                                               *T. Kennedy Helm*
7                                               T. KENNEDY HELM
   Attorneys for Plaintiffs
8
9  Dated: July 27, 2015                         **BRICKWOOD LAW OFFICE**
10
11                                              *Gary Brickwood**
   GARY BRICKWOOD
12 Attorneys for Defendants SHASTA COUNTY, CARY ERICKSON, TOM FLEMMING, RAY HUGES, DAVID RENFER, KYLE WALLACE, ERIC MAGRINI, GENE RANDAL, NICK THOMPSON, CRAIG TIPPINGS, and DR. JESSE A. WELLS, M.D.
13
14
15
16 Dated: July 27, 2015                         **PORTER SCOTT**
17                                              *John R. Whitefleet**
18                                              JOHN R. WHITEFLEET
   Attorneys for Defendants SUTTER COUNTY, MATTHEW MAPLES, JAMES CASNER, and MICHAEL T. GWINNUP
19
20
21
22     *Messrs. Brickwood and Whitefleet provided their consent that this document be
       electronically filed with their e-signatures.
23
24
25
26
27
28
No. 2:14-CV-01338-KJM-EFB: STIP. PROTEC. ORDER RE: ATTACHMENT A TO S.W. S13-149      7

**ORDER**

Plaintiff filed a motion to compel non-party Mary Todd's compliance with a subpoena duces tecum.  ECF No. 35.  The subpoena directs Ms. Todd, the Clerk of the Court for the California Superior Court for the County of Sutter, to produce an attachment to a search warrant that was filed under seal pursuant to a state court order.  The motion to compel was heard on June 17, 2015.  ECF No. 45.  At the hearing, this court directed the parties to first seek disclosure from the state court by following its procedure for petitioning that court for a disclosure order.  *See Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009).  The court reserved ruling on the motion in this action pending the parties' efforts to obtain the sealed document(s) through state court procedures.  They have submitted this stipulated request for a protective order to assist in that effort.

Accordingly, the stipulation is approved and so ordered.

DATED:  July 28, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE