MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Facsimile: (510) 452-5510

Attorneys for Plaintiffs Bobby Johnson,
Sharon Johnson, Tanya Johnson,
and A.J., a minor

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BOBBY DARRELL JOHNSON; SHARON KAY JOHNSON; TANYA SUEANN JOHNSON; and A.J., a minor, through her mother and Next Friend, TANYA JOHNSON; individually,

Plaintiffs,

vs.

SHASTA COUNTY, a public entity; SHASTA COUNTY SHERIFF DEPUTIES CARY ERICKSON, TOM FLEMMING, RAY HUGHES, DAVID RENFER, and KYLE WALLACE; SHASTA COUNTY SHERIFF SERGEANT ERIC MAGRINI, and SHASTA COUNTY SHERIFF DETECTIVES GENE RANDAL, NICK THOMPSON, and CRAIG TIPPINGS; SHASTA COUNTY VOLUNTEER DR. JESSE WELLS, M.D.; SUTTER COUNTY, a public entity; SUTTER COUNTY SHERIFF DETECTIVE MATTHEW MAPLES, SUTTER COUNTY SHERIFF LIEUTENANT JAMES CASNER, and SUTTER COUNTY SHERIFF OFFICER MICHAEL T. GWINNUP, and DOES 1–10, Jointly and Severally,

Defendants.

No: 2:14-CV-01338-KJM-EFB

Hon. Kimberly J. Mueller

**AMENDED STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL ATTORNEYS' EYES ONLY DOCUMENTS TO INCLUDE IDENTITY OF CONFIDENTIAL INFORMANT**

The parties, by and through their respective attorneys of record, hereby stipulate to the following amended protective order being issued in this matter:

1. PURPOSES AND LIMITATIONS

Plaintiffs seek disclosure of portion of a search warrant No. S13-149 ordered sealed by the Sutter County Superior Court Judge Aronson, entitled "Attachment A" and related documents, which are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential-attorney eyes only. The parties further acknowledge, as set forth, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 "Confidential - Attorneys' Eyes Only": The designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" includes attachment "A" and related document of the sealed portion of the warrant No. S13-149 issued by the Sutter County Superior Court.

2.3. "Confidential - Attorneys' Eyes Only": The designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" includes the identity of the confidential informant, identified as CRI-1, in the Statement of Probable Cause and Attachment "A" to Search Warrant No. S13-149.

2.4 Protected Material: any document designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any information contained therein.

2.5 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.7 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend or watermark

"CONFIDENTIAL –ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.1.1 for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of Protected Materials "CONFIDENTIAL – ATTORNEYS' EYES ONLY," Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(a) the counsel of record for the Parties in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their depositions, witnesses, save Plaintiffs, in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

6.3 Disclosure of documents "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or any information contained therein may not be disclosed to any Plaintiff in this action, nor relative of Plaintiff, including Mark Johnson or Jerry Johnson.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If by inadvertence or otherwise, Protected Material is disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must

immediately: (a) notify the court of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to be bound by the Stipulated Protective Order.

9. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the court by the sixty day deadline that all the Protected Material was returned and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 25, 2015

**HADDAD & SHERWIN LLP**

*/s/ T. Kennedy Helm*

T. KENNEDY HELM
Attorneys for Plaintiffs

Dated: September 25, 2015

**BRICKWOOD LAW OFFICE**

*/s/ Gary Brickwood*

GARY BRICKWOOD

Attorneys for Defendants SHASTA COUNTY, CARY ERICKSON, TOM FLEMMING, RAY HUGES, DAVID RENFER, KYLE WALLACE, ERIC MAGRINI, GENE RANDAL, NICK THOMPSON, CRAIG TIPPINGS, and DR. JESSE A. WELLS, M.D.

Dated: September 25, 2015

**PORTER SCOTT**

*/s/ John R. Whitefleet*

JOHN R. WHITEFLEET
Attorneys for Defendants SUTTER COUNTY, MATTHEW MAPLES, JAMES CASNER, and MICHAEL T. GWINNUP

*Messrs. Brickwood and Whitefleet consent that this document be filed with their e-signatures.

Having consider the parties' stipulation, for the reasons stated in the court's July 27, 2015 order (ECF No. 53), the stipulation is approved and so ordered.

Dated: October 7, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE