UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DARRELL JOHNSON, et al., | No. 2:14-cv-01338-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| SHASTA COUNTY, et al., | |
| Defendants. | |

    Defendants Sutter County, Matthew Maples, James Casner and Michael Gwinnup request the sealing of a document to be submitted in support of plaintiffs' motion for partial summary judgment and Sutter County defendants' motion for summary judgment. ECF No. 65 at 2. As explained below, the request is denied.

I. BACKGROUND

    On June 4, 2014, plaintiffs filed a first amended complaint against defendants Shasta County, Cary Erickson, Tom Flemming, Ray Hughes, David Renfer, Kyle Wallace, Eric Magrini, Gene Randal, Nick Thompson, Craig Tippings, Jesse Wells, Sutter County, Matthew Maples, James Casner, and Michael Gwinnup (collectively "the defendants"). Pls.' First Am. Compl., ECF No. 5 ("Compl."). This complaint alleged the following: (1) violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against all individual defendants; (2) a

1

claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Shasta and Sutter Counties; (3) violation of California Civil Code § 52.1 against all defendants; (4) negligence against all defendants; (5) assault and battery against all defendants; (6) false arrest or imprisonment against all defendants; and (7) violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act against Shasta and Sutter Counties. *See generally* Compl. All of the claims arise out of defendants' execution of a search warrant on plaintiffs' residence.

On July 9, 2014, defendants James Casner, Michael Gwinnup, Matthew Maples and Sutter County filed a motion to dismiss, ECF No. 6, which the court granted in part and denied in part. ECF No. 18. The court granted defendants' motion to dismiss plaintiffs' claim against defendant Gwinnup arising out of the search warrant on the basis of judicial deception, with leave to amend. *Id.* at 22. The court granted the motion to dismiss plaintiffs' claim of negligent hiring, training, supervision and retention against defendant Sutter County with prejudice. *Id.* at 23. The court denied defendants' motion as to plaintiffs' other claims. *Id.* at 22–23. Plaintiffs subsequently filed a second amended complaint against all defendants. ECF No. 23. In the second amended complaint, plaintiffs amended claims to the extent allowed by the court, re-alleging claims from the first amended complaint arising out of defendant's execution of a search warrant on plaintiffs' residence. *Id.*

II.     LEGAL STANDARD

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b). "[A] party may submit an opposition . . . within three days of the date of service . . . ." *Id.* 141(c). "The opposition shall not be filed . . . ." *Id.*

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A litigant may request court records be sealed or redacted. *See id.* (listing traditional examples). In the Ninth Circuit, courts faced

1  with requests to seal or redact begin "with a strong presumption in favor of access to court
2  records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  In the
3  context of a dispositive motion, such as one for partial summary judgment, the party seeking to
4  seal or redact a document "bears the burden of overcoming this strong presumption" by
5  "articulat[ing] compelling reasons supported by specific factual findings that outweigh the
6  general history of access and the public policies favoring disclosure, such as the public interest in
7  understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,
8  1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430,
9  1434 (9th Cir. 1995)) (quotation marks and alterations omitted).  Commonly cited "compelling
10 reasons" include the need to avoid "private spite," "public scandal," and to prevent a court's
11 records from becoming "reservoirs of libelous statement for press consumption," or "sources of
12 business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589
13 (citations and internal quotation marks omitted).  Hypothetical or conjectural harm is not a
14 compelling reason.  *Hagestad*, 49 F.3d at 1434.  A document may be the subject of a previously
15 entered protective order and yet be disclosed when attached to a dispositive motion.  *See*
16 *Kamakana*, 447 F.3d at 1183.

17 III.     DISCUSSION

18          Defendants request Search Warrant No. S13-149, attached as Exhibit 1 to the
19 Declaration of T. Kennedy Helm in support of plaintiffs' motion for partial summary judgment,
20 be sealed.  ECF No. 68-1.  Defendants argue the document was produced subject to a stipulated
21 protective order on July 28, 2015.  ECF No. 53.  Plaintiffs have now attached it to their motion
22 for summary judgment.  ECF No. 68-1.

23          This court has noted in its scheduling order that "protective orders covering the
24 discovery phase of litigation shall not govern the filing of sealed or redacted documents on the
25 public docket."  ECF No. 32 at 5.  The fact that a document was produced subject to a discovery
26 protective order is not a "compelling reason" for sealing it.  Defendants simply point to the
27 discovery protective order, and fail to articulate any compelling reasons "supported by specific
28

factual findings" that the "court files might be a vehicle for improper purposes." *See Kamakana*, 447 F.3d at 1179.

Because defendants have not shown a "compelling reason" as to why the search warrant filed with the pending motion for summary judgment should be sealed, defendants' motion is denied.

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendants' motion to seal is DENIED.

IT IS SO ORDERED.

DATED: November 17, 2015.

_____
UNITED STATES DISTRICT JUDGE