UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DARRELL JOHNSON, et al., | No. 2:14-cv-1338-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| SHASTA COUNTY, et al., | |
| Defendants. | |

On December 18, 2015, plaintiff filed a motion to compel the California Department of Justice's ("DOJ"), a non-party, compliance with a subpoena.[1]  ECF No. 116.  The DOJ has filed a "Conditional Non-opposition" to the motion.  ECF No. 122.  For the reasons explained below, plaintiffs' motion is granted.

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  On November 20, 2015, plaintiffs served a subpoena on the DOJ's Bureau of Criminal Information and Analysis.  Declaration of Kennedy Helm (ECF No. 117), Ex. A.  The subpoena sought information concerning the criminal

---

[1] The court has determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for January 20, 2016 (ECF No. 116), is hereby vacated.  E.D. Cal. L.R. 230(g).

1

history of an individual identified as CR1-1p, a confidential informant that provided defendant Sutter County information on which it relied to obtain the search warrant that is the subject of the instant action. *Id.*; *see* ECF No. 110 at 2.

On November 30, 2015, the DOJ served objections to the subpoena on the basis that the criminal records sought were confidential and not to be produced pursuant to California Penal Code section 11105(b). ECF No. 117, Ex. B. That section prohibits the DOJ from furnishing documents related to a person's criminal history except as to authorized individuals. *See* Cal. Pen. Code § 11105. Subsection (b) of section 11105 concerns the persons and entities to whom disclosure are mandatory, while subsection (c) concerns the persons and entities to whom disclosure is discretionary. Specifically, section 11105(c)(7) provides that "[t]he Attorney General may furnish state summary criminal history information upon a showing of compelling need to any of the following . . . (7) The courts of the United States, other states or territories or possessions of the United States."

Plaintiff moves to compel the DOJ's compliance with the subpoena, arguing that state law cannot provide a basis for resisting discovery in this federal action. ECF No. 116 at 4. Federal law applies to determinations of privilege in actions involving federal claims, even where there are pendant state law claims. *See United States v. Blackmun*, 72 F.3d 1418, 1423 (9th Cir. 1995); *see also Pagano v. Oroville Hospital*, 145 F.R.D. 683, 687 (E.D. Cal. 1993). Moreover, "under principles of federalism, state legislatures are not free to legislate what a federal court may order produced in the way of documentation . . . ." *Doubleday v. Ruh*, 149 F.R.D. 601, 612 (E.D. Cal. 1993) (holding that section 11101, *et seq*. did not bar plaintiff from information sought, and even if it did, plaintiff had demonstrated a compelling need for the prosecutorial files for the purposes of her § 1983 claims).

This instant action involves federal claims brought under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. ECF No. 23. Thus, federal law, not state law, applies to this action and California Penal Code section 11105 does not provide a basis for the

/////

/////

DOJ's refusal to produce the requested documents.[2]  Accordingly, the DOJ must comply with the subpoena.

The DOJ appears to acknowledge as much with its conditional non-opposition to plaintiffs' motion. ECF No. 122.  In its pleading, the DOJ states that it is statutorily precluded from providing the information requested in the subpoena, but that such information would be provided pursuant to a court order.  *Id.* at 3.  The DOJ requests, however, that any documents provided be subject to a protective order.  *Id*.  Plaintiffs agree that any produced documents should remain confidential and requests that any documents produced be subject to the protective order already in place in this action.  ECF No. 124 at 2; *see* ECF No. 64.  Thus, the production ordered here shall be pursuant to and governed by that protective order.

The DOJ states that generally the identity of confidential informants is privileged and not subject to disclosure.  ECF No. 122 at 3 n.1 (citing Cal. Evid. Code § 1041).  The DOJ therefore requests that the court clarify whether the confidential informant's name be redacted or whether the documents should be marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  *Id*.  As indicated above, California law does not govern the instant dispute.  While it may be possible to establish a basis for redaction under federal law, the DOJ has failed to show any basis for redacting the confidential informant's name.  The protective order in place in this action provides sufficient protection to the confidential informant's identity.  *See* ECF No. 64.  Accordingly, the production of documents will be subject to the protective order entered in this case.

Accordingly, it is hereby ORDERED that:

1. The January 20, 2016 hearing on plaintiffs' motion to compel is vacated;

/////

---

[2] Even if Penal Code section 11105 applied, production would still be appropriate here. The instant dispute concerns whether an executed search warrant was supported by probable cause. ECF No. 23 at 7-8. Plaintiff alleges that the probable cause for issuing the search warrant was based on statements made by the confidential informant, and that the defendants should have known that the confidential informant was unreliable. *Id*. at 8. The confidential informant's criminal history may prove highly probative to whether there was a basis for finding him or her not credible, and therefore there is a compelling reason for producing the documents under California Penal Code § 11105(c)(7).

3

2. Plaintiffs' motion to compel the DOJ's compliance with a subpoena (ECF No. 116) is granted.

3. Within seven (7) days of the date of this order, the DOJ shall produce documents responsive to the November 13, 2015 subpoena served by plaintiffs. All documents produced will be subject to the protective order entered in this action (ECF No. 64) and shall be designated "Confidential-Attorneys' Eyes Only."

DATED: January 15, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE