UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY DARREL JOHNSON, et al., | No. 2:14-cv-01338-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| SHASTA COUNTY, et al., | |
| Defendants. | |

On October 22, 2015, defendants filed a notice of request to seal documents. ECF No. 65. The court denied the request. ECF No. 97. Defendants filed a request for clarification of the order, ECF No. 97, explaining the request to seal was for the Attachment A and not the search warrant itself. ECF No. 105. Pursuant to the court's minute order, defendants filed a brief to support the stipulated request for clarification of order denying defendants' request to seal documents. ECF No. 107.

The court now reconsiders its previous order denying sealing, ECF No. 97. *See Randhawa v. Skylux Inc.*, No. 09-2304, 2010 WL 4069654, at *1 (E.D. Cal. Oct. 18, 2010) ("a court may reconsider its own prior order provided that it has not been divested of jurisdiction over it").

//////

1

1        Access to judicial records is not absolute. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). However, unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Thus, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana* (citing *Foltz*, 331 F.3d at 1136).

         The compelling reasons standard applies even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("the presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion).

         Here, defendants argue Attachment A requires sealing from the public because it contains information that would reveal the identity of a confidential informant, CRI-1, through CRI-1's relationship with the other subjects of the document and CRI-1's knowledge, making any amount of redaction insufficient to protect CRI-1's identity. ECF No. 107 at 2. Here, although the document in question qualifies as warrant material, the warrant investigation occurred in 2013. Defendants have not pointed to anything to suggest the warrant material is currently pertinent to a pre-indictment investigation. Defendants also contend that even if redaction is possible, the amount of information redacted would render Attachment A unhelpful to the adjudication of the parties' respective motions for summary judgment on their merits. *Id.* But redacted material, though removed from public disclosure, remains part of the record under seal, and does not prevent the court from considering it. *See Doe (P) v. Panella*, 616 F. Supp. 2d 1, 3 n. 5 (D.D.C 2009). Unredacted material that does not qualify for sealing signals to the public the general nature of the information considered by the court.

2

1    Accordingly, after reconsideration of defendants' argument and the public's
2 interest, the court GRANTS defendants' request, ECF No. 65, to seal Attachment A, but
3 ORDERS a redacted copy be filed as well.  The court will provide a copy of the redactions
4 allowed to defendants, through the courtroom deputy.  Defendants shall file a copy so redacted
5 within seven days.  This order replaces ECF No. 97, and resolves ECF Nos. 65, 105, 107.
6    IT IS SO ORDERED.
7  DATED: February 2, 2016

_____
UNITED STATES DISTRICT JUDGE